UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL CORTES ARIAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a foreign insurance company,<br><br>Defendant. | CASE NO. 2:24-cv-00546-JHC<br><br>ORDER |

# I

## INTRODUCTION

This insurance matter comes before the Court on Defendant Travelers Casualty Insurance Company of America's Motion for Partial Summary Judgment. Dkt. # 32. The Court has considered the materials filed in support of and in opposition to the motion, pertinent portions of the record, and the applicable law. The Court does not find oral argument necessary.

The motion concerns Plaintiff's claim under the Insurance Fair Conduct Act (IFCA). As discussed below, the record reflects conflicting evidence about the reasonableness of

ORDER - 1

Defendant's conduct.  Accordingly, the Court DENIES the motion as well as Plaintiff's request for sua sponte entry of summary judgment.

## II
### BACKGROUND

Plaintiff Daniel Cortes Arias (the insured) sued Defendant Travelers (the carrier) for breach of contract, bad faith, and violations of the Insurance Fair Conduct Act (IFCA) and Washington State Consumer Protection Act.  *See generally* Dkt. # 1-2.

According to the Complaint, on May 1, 2019, Plaintiff suffered injuries in a multivehicle accident caused by an underinsured motorist (UIM)Dkt. # 1-2 at 3–4, ¶¶ 4.1–4.4.  Plaintiff's employer held an insurance policy, issued by Defendant, covering accidents caused by UIMs.  *See id*. at 4, ¶ 5.1.  This policy states that Defendant "will pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'underinsured motor vehicle.'"  *See* Dkt. # 42-3 at 2.

The parties agree that Defendant began keeping records of the matter in a claim file in May 2019, before Plaintiff submitted a demand for benefits.  *See* Dkt. # 42-4 at 8, 21:2–8; Dkt. # 33 at 2, ¶ 5.  In June 2022, Plaintiff sent Defendant a demand letter, claiming $875,000, an amount primarily consisting of Plaintiff's claimed future medical expenses.  *See* Dkt. # 42-5 at 12–14.  This figure somewhat exceeded the Washington Department of Labor and Industries' (L&I) November 2022 estimate of $824,809, *id*. at 9, and fell below the $1,000,000 policy limit for UIM incidents.  *See* Dkt. # 33-2 at 12.

After receiving the demand letter, Defendant continued to investigate and adjust Plaintiff's claim.  Defendant sought its own medical review of Plaintiff's injuries, retaining its own medical experts and producing its own estimate of medical costs.  *See* Dkt. 33 at 4, ¶¶ 27–31.  Also, Plaintiff sent Defendant his own medical reports, and they appear in Defendant's claim

ORDER - 2

file. *See* Dkt. # 42-5 at 10.  Defendant ultimately arrived at a much lower valuation, ranging from $45,876.26 to $70,876.26, partly because it assessed the cost of Plaintiff's medical special damages at a much lower figure than Plaintiff.  *See* Dkt. 33 at 4, ¶ 33; *compare id.* at ¶ 32 (Defendant's assessment of medical special damages to be $13,265.84) *with* Dkt. # 42-5 at 14 (Plaintiff's assessment of medical specials as $51,719.10).  Defendant says that it "elected in good faith to utilize the high end of its evaluation range when it paid Policy benefits to Plaintiff in the amount of $20,876.26 on August 20, 2024," which, including the underlying UIM motorist's own $50,000 payment, reflected a total compensation at the high end of Defendant's estimation.  *See* Dkt. # 33 at 5, ¶ 34–35.  Much of the disparity between Plaintiff's claimed $875,000 and Defendant's estimate arises from Plaintiff's claimed $600,000 in future medical expenses related to neurological symptoms, *see* Dkt. # 42-5 at 14, which Defendant did not incorporate because it does not believe that Plaintiff's neurological symptoms flowed from the accident.

        Because of the dispute in valuations, the parties proceeded to mediation.  Defendant valued Plaintiff's claim heading into the mediation at $197,611, but prepared a settlement offer of $63,000 (for a total settlement value of $112,610.42, given the $50,000 from the underlying tortfeasor), and earmarked settlement funds of up to $250,000.  *See* Dkt. # 42-5 at 6.  The parties did not settle the matter at mediation or thereafter.  *See id*. at 2.  Plaintiff sued in Snohomish County Superior Court.  Dkt. # 1-2.  Defendant removed the matter to the Western District of Washington.  Dkt. # 1.

        Defendant now moves for partial summary judgment on Plaintiff's IFCA claim.  *See* Dkt. # 32.

ORDER - 3

# III

## DISCUSSION

A.    Legal Standards

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000). But a court will not "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

IFCA provides that an insurance policy claimant "who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action . . . to recover the actual damages sustained." RCW 48.30.015. To prevail on an IFCA claim, the insured "must show that the insurer unreasonably denied a claim for coverage or that the insurer unreasonably denied payment of benefits. If either or both acts are established, a claim exists under IFCA." *Perez-Crisantos v. State Farm Fire & Cas. Co.*, 187 Wash. 2d 669, 683, 389 P.3d 476, 482–83 (2017) (citation omitted). The latter showing includes scenarios in which the insurer "makes an unreasonably low offer." *Heide v. State Farm Mut. Auto. Ins. Co.*, 261 F. Supp. 3d 1104, 1107 (W.D. Wash. 2017).

B.    Plaintiff's IFCA Claim

Defendant argues that Plaintiff cannot make the necessary showing under IFCA because Defendant has not denied benefits. It says, Defendant has merely paid an amount lower than what Plaintiff sought. *See* Dkt. # 32 at 12–13. Defendant also argues that, in any event, its actions were reasonable, *id.* at 13–16, and that Plaintiff cannot show actual damages proximately caused by any unreasonable denial. *Id.* at 16–18.

Defendant's arguments fail for three reasons. First, an insurer's payment of benefits in an amount lower than what a plaintiff seeks may, in some cases, sustain an IFCA claim. An "unreasonably low offer" may constitute a denial of benefits. *See Heide*, 261 F. Supp. 3d at 1107; *Freeman v. State Farm Mut. Auto. Ins. Co.*, No. C11-761RAJ, 2012 WL 2891167, at *3 n.3 (W.D. Wash. July 16, 2012) (In IFCA case involving UIM coverage, "a failure to pay the amount the insured requests is a denial of coverage"). Delays in payment may even constitute unreasonable denials. *See Traulsen v. Cont'l Divide Ins. Co.*, 31 Wash. App.2d 1056, 2024 WL 3327023, at *6–8 (Wash. Ct. App. July 8, 2024).

Second, the IFCA inquiry concerns the reasonableness of Defendant's denial of coverage. The parties' central dispute is the etiology of Plaintiff's ongoing neurological symptoms: Plaintiff contends that they arose from the underlying accident, and Defendant contends they did not. If they did, then it would have been unreasonable for Defendant not to factor these injuries into its damages calculations (which it did not). The IFCA inquiry thus turns on whether Defendant's conclusion that the cognitive problems did not arise from the accident was reasonable. *Cf. Heide*, 261 F. Supp. 3d at 1108 (insurer would violate IFCA if its belief that the plaintiff's injuries were unrelated to the accident at issue was "unreasonable . . . in light of the medical evidence it received from [the] plaintiff," denying partial summary judgment); *Wall v. County Mut. Ins. Co.*, 319 F. Supp. 3d 1227, 1234–35 (W.D. Wash. 2018) (denying the

ORDER - 5

defendant's summary judgment motion because the record suggested a jury could find that the defendant's conduct in the investigation was unreasonable).

Construing the facts in light most favorable to Plaintiff as the nonmoving party, the Court cannot conclude that Defendant acted reasonably. The parties dispute most of the facts surrounding the origin of Plaintiff's neurological problems, and each side has marshalled medical evidence in its favor. *See* Dkt. # 33-3 at 12–16 (Defendant's expert concluding that Plaintiff did not suffer a head injury in the accident); *see* Dkt. # 42-7 at 6–7 (Plaintiff's expert concluding that Plaintiff's cognitive and behavioral issues stem from the accident). Defendant's expert concludes that Plaintiff "did not sustain a concussion" or other head injury during the crash, *see* Dkt. # 33-3 at 12, while Plaintiff's expert concludes that Plaintiff "is continuing to deal with collision related residuals" including an "unresolved concussion." Dkt. # 42-7 at 6. Both experts have similar credentials (they both possess doctorates in psychology and they both lack medical degrees). A factfinder will need to assess the credibility of these experts and weigh this and the rest of the evidence.

Third, Defendant's argument that Plaintiff has not suffered actual damages connected with an unreasonable denial of coverage falls flat because, drawing the inferences in Plaintiff's favor, it is plausible that Plaintiff has suffered noneconomic damages. Noneconomic damages, including for pain and suffering caused by the insurer defendant's actions, may be recovered under IFCA. *See Beasley v. GEICO Gen. Ins. Co.*, 23 Wash.App.2d 641, 652–66 (Wash. Ct. App. 2022). Plaintiff correctly notes that the Washington state legislature intended IFCA to "protect insureds by providing a new, independent remedy for unreasonable behavior without limiting the type of damages available." *Id*. at 665. Contrary to Defendant's assertion that "Plaintiff has provided no information to support actual damages caused by an allegedly unreasonable denial of coverage or benefits," Dkt. # 45 at 7, Plaintiff testified at length in a

deposition to the damages he believes he suffered from Defendant's handling of his claims. *See* Dkt. # 42-10 at 44–49. This includes emotional distress and a gap in obtaining medication, in Plaintiff's telling. *See id*. This creates a fact issue sufficient to survive summary judgment.

C.    Plaintiff's Sua Sponte Request for Summary Judgment

For similar reasons, the Court must deny Plaintiff's request for summary judgment sua sponte on its IFCA claim. A court may grant summary judgment "on its own after identifying for the parties material facts that may not be genuinely in dispute" after "giving notice and a reasonable time to respond." *See* Fed. R. Civ. P. 56(f). Parties moving for summary judgment are "on notice of the need to come forward with all their evidence in support of this motion," permitting summary judgment against them. *See Albino v. Baca*, 747 F.3d 1162, 1177 (9th Cir. 2014).

Defendant's claim file shows that it was aware of Plaintiff's neurological symptoms by May 28, 2019, soon after the accident. *See* Dkt. # 42-5 at 27. But the file also shows that an MRI performed in August 2019 "showed normal results," with which Defendant could conclude, at least at the time, that Plaintiff had not suffered neurological injuries in the accident. *See* Dkt. # 42-5 at 19. In other words, Defendant had a reason for its actions and does not appear to have disregarded relevant information. Had Defendant ignored these pieces of evidence, the Court could infer that Defendant had acted unreasonably. *See Santiago v. GEICO Advantage Ins. Co.*, 2023 WL 5802523, at *3 (W.D. Wash. Sept. 7, 2023) (denying insurer's summary judgment motion in an IFCA case because the "insurer's valuation of [the] plaintiff's claims ignored relevant information and instead appears to have relied on some sort of bare proportionality analysis," and thus "there is at least an inference that [the defendant's] investigation and/or valuation was unreasonable"). But Defendant did not: Defendant was in contact with Plaintiff's medical providers and received reports from them for its own expert to evaluate. *See* Dkt. 42-5

at 11 (noting that the "raw data" of Plaintiff's "neuropsychological evaluation" performed in 2022 would be sent to Defendant's expert). On this record, there is no undisputed evidence that could support a grant of summary judgment in Plaintiff's favor.

Plaintiff's arguments challenging the credibility of Defendant's expert and in favor of its own, *see* Dkt. 41 at 9–10, do not persuade the Court. Plaintiff says that Defendant's expert is not credible because she lacks a medical degree, possessing only a doctorate in psychology, *see* Dkt. 33-3 at 2; but Plaintiff's own expert also lacks a medical degree and possesses only a doctorate in psychology. *See* Dkt. # 42-7 at 7. Defendant correctly notes that an insurer's decision to credit its medical experts over Plaintiff's does not qualify as "unreasonable under IFCA." *See Young v. Std. Fire Ins. Co.*, No. 2:18-CV-31-RMP, 2020 WL 3130287, at *5 (E.D. Wash. June 12, 2020) (citing *McCall v. State Farm Mut. Auto. Ins. Co.*, 799 F. App'x 513, 514 (9th Cir. 2020)). And while Plaintiff says that Defendant's expert evidence is not credible, his own expert does not provide facts over which there could be no genuine dispute. Plaintiff states only that he "suspect[s]" that his neurological symptoms "reflect a decline from his pre-collision level of functioning," without a causal conclusion. *See* Dkt. # 42-7 at 5. Further, the report also mentions, as Defendant points out, that Plaintiff's symptoms may in part arise from childhood issues. *Id.* at 6.

Viewing the evidence in the light most favorable to Defendant, the Court cannot conclude that Plaintiff's symptoms flowed entirely from the accident, and so the Court cannot conclude that Defendant acted unreasonably or in bad faith.

//

//

## IV
## CONCLUSION

For the reasons above, the Court DENIES Defendant's motion for partial summary judgment. Dkt. # 32. And the Court DENIES Plaintiff's request that the Court enter, sua sponte, summary judgment in its favor. Dkt. # 41.

Dated this 25th day of November, 2025.

*John H. Chun*
John H. Chun
United States District Judge